## CAPITAL FOOD PRODUCTS CO. v. VOYADJIS.
### No. 10613.

Court of Civil Appeals of Texas. Dallas.
May 10, 1930.

Renfro, Ledbetter & McCombs, of Dallas, for appellant.

Geo. T. Burgess, of Dallas, and Stewart & De Lange, of Houston, for appellee.

JONES, C. J.

Appellant, the Capital Food Products Company, a corporation, brought suit in a district court of Dallas county to recover judgment against appellee, J. G. Voyadjis, in the sum of approximately $1,900. From a judgment granting appellee's plea of privilege and ordering the suit transferred to a district court of Harris county, the residence of appellee, appellant has perfected an appeal to this court. The facts are as follows:

Appellee is in the wholesale grocery business in Houston, Harris county, Tex., and resides in said county. From time to time appellee ordered various articles of merchandise and gave to appellant shipping instructions. This merchandise was ordered by appellee without specific reference as to the place of payment. These orders were in writing signed by appellee and described the merchandise desired, the price to be paid and the place of

shipment, and each written order contained the clause, "No promise valid unless specified on this order sheet." When the order was received by appellant, the goods would be shipped to the address given and a duplicate invoice sheet made out and one sent to appellee. On this invoice appeared this statement, "Payable at Dallas, Texas." The parties had transacted business in this manner over a considerable period of time, and usually appellee would make payment by sending his check to appellant. The original petition declared only on these orders, amounting to the sum of $1,-886.53. Appellee, on February 11, 1929, filed in due form a plea of privilege alleging, in effect, that his residence, during all of the times mentioned in the petition, was in Harris county and not in Dallas county, and negativing the existence of any facts that would give venue of the suit in Dallas county. This plea was sufficient in form to entitle appellee to the change of venue, unless it should be defeated by facts alleged in a controverting affidavit.

On March 2, 1929, appellant filed its first amended original petition, which is the same in substance as the original petition, except an additional allegation that appellee was indebted to appellant in the sum of $4.50, being the interest due and unpaid on a note in the principal sum of $500, executed by appellee in favor of appellant and payable in Dallas county, Tex. It was alleged that the principal of the note had been paid and there remained only the interest item. On the same day appellant filed its controverting affidavit in which, in effect, it alleged that through the long course of dealing and an existing understanding between the parties, the invoice prepared by appellant on the receipt and filing of each order from appellee became a part of the contract of purchase, that the statement on said invoice, to the effect that the account was payable at Dallas, became a part of the contract between the parties, and that by reason thereof appellee had contracted to pay in Dallas county the various sums of money shown by the petition. It is also alleged that the item of $4.50, the balance due on the note executed by appellee and payable in Dallas county, in itself fixed venue of the entire cause of action declared upon in the first amended original petition in Dallas county.

■ The testimony produced by appellant to establish the facts alleged in the controverting affidavit failed to raise an issue of an understanding or agreement between the parties that the contract for the purchase of goods was performable in Dallas county. It showed that when the written order for goods was received appellant would fill the order and then prepare duplicate invoices containing the statement, "Payable at Dallas, Texas," and mail one of said duplicates to appellee at Houston. This does not make a prima facie case of venue in Dallas county.

■ If the venue can be sustained in Dallas county, it must result from the fact that the amended petition declared on the additional item of $4.50 of unpaid interest on appellee's note, which was payable in Dallas county. As soon as the amended pleading was filed, setting up for the first time the claim of $4.50, appellee tendered to appellant said amount, which appellant declined to accept because the tender was only for one item of the amount claimed in the suit, and further because this tender did not include the costs that had been incurred. When the plea of privilege came on for hearing in the district court, appellee deposited in the registry of the court for the benefit of appellant, and for the discharge of the $4.50 interest item, the sum of $4.50. Appellant declined to receive same on the same grounds that it had declined the tender. We are of opinion that, regardless of other questions raised in this case, the tender of payment to appellant of an item wholly disconnected from the subject-matter of the original suit, and the subsequent payment in court of the amount of such item, destroyed any legal effect on the issue of venue that the pleading of this item, after the filing of the plea of privilege, might otherwise have had, and left the case as though such allegation had not been made. We are not unmindful of the fact that, when suit is filed on a promissory note providing for attorney fee, and in which suit a recovery of the contract attorney fee is sought, the tender of the principal and interest on the note in suit is not a discharge of the defendant's obligation, and that in order to be a full discharge of such obligation the tender would have to embrace the additional amount of attorney fee and the accrued costs. Such is not this case, however. The proof does not disclose that a demand for the payment of this interest had ever been made. In fact, it appears from appellant's evidence that the payment of the principal of the $500 note was accepted by appellant and the note probably returned to appellee.

It is urged that the tender, as well as the payment into the registry of the court, was done by appellee solely for the purpose of defeating venue of the case in Dallas county, and that such procedure should not be allowed to have such effect. However, it could be just as well said that, after appellee had filed its plea of privilege to the suit made by the original petition, appellant amended its petition and included the interest item solely for the purpose of defeating appellee's plea of privilege.

We therefore hold that the court correctly decided the issues made by the plea of privilege and the controverting affidavit, and that the judgment should be affirmed.

Affirmed.